## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALIX CAVAS, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CHEWY, INC.,<br><br>    Defendant. | Case No.<br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Alix Cavas ("Plaintiff"), by and through undersigned counsel, brings this action against Chewy, Inc. ("Chewy" or "Defendant") on behalf of herself and all others similarly situated, and makes the following allegations based upon information, attorney investigation and belief, and upon Plaintiff's own knowledge:

## NATURE OF ACTION

1.    Plaintiff brings this action individually, and on behalf of all similarly situated persons, who enrolled in Chewy's Autoship program between 2022 and the present.

2.    This action arises from Chewy's deceptive trade practice in which it overcharges its Autoship customers more sales tax than is due on goods which are discounted through the Autoship program.

3.    Alternatively, Chewy engages in a deceptive and unfair trade practice in which it advertises a "discount" via its Autoship program but in fact offers a rebate or similar, which is material to consumers as it impacts sales tax calculations.

4.    Plaintiff alleges a violation of the Rhode Island Deceptive Trade Practices Act,

breach of contract, unjust enrichment, and negligence.

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §
1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member
of the Class, as defined below, is a citizen of a different state than Defendant, there are more than
100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive
of interest and costs.

6.       This Court has personal jurisdiction over Defendant because it does business in the
State of Rhode Island and this District and a substantial portion of the wrongful conduct alleged
herein took place in Rhode Island.  Defendant has also pursued this Rhode Island market and its
customers through advertisements resulting in sales of its products in Rhode Island and this
District.

7.       Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial
part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

8.       Plaintiff Alix Cavas is an individual and a resident and citizen of the State of Rhode
Island. Plaintiff enrolled on Chewy's Autoship program in or about March 2022 and has paid all
amounts charged to her by Chewy, including sales tax.

9.       Defendant is an online retailer that sells pet products and services across the United
States. Defendant is incorporated under the laws of Delaware and is headquartered in Plantation,
Florida.

## STATEMENT OF FACTS

**Background**

2

10.    Founded in 2009, Chewy is an online retailer specializing in pet food and other pet related goods and services.

11.    Since its founding, Chewy has seen consistent growth and thus gained a significant market share for the distribution of pet products, including pet food.

12.    Chewy operates across the contiguous United States and also in certain parts of Canada.

**Charging State Tax on Discounted Goods**

13.    Generally, sales tax is levied on goods and services at the state, county, and/or local levels. Businesses transacting in a state or locality are required to collect sales tax and remit it to the appropriate tax authority. Accordingly, Chewy is required to charge sales and local taxes on all goods in the states and territories that it operates.

14.    Relevant to this action, where a retailer offers a discount (*i.e.*, a percentage or dollar reduction in price) on a good or service, sales tax is calculated by reference to the discounted price of that good or service, not on the full price.

15.    This method of calculating sales tax differs from the method applied to manufacturers coupons and rebates which instead typically use the full product price to calculate sales tax.[1]

---

[1]    This distinction between "discounts," "rebates," and other forms of price reductions is widely accepted across the United States, particularly with respect to calculating sales tax. *See, e.g.*, *830 CMR 64H.1.4: Discounts, Coupons and Rebates*, Mass. Dept. of Revenue (Apr. 28, 2000), https://www.mass.gov/regulations/830-CMR-64h14-discounts-coupons-and-rebates; *Discounts/rebates*, Wash. Dept. of Revenue, https://dor.wa.gov/book/export/html/1288; *Sales and Use Tax, Regulation SU 07-140*, R.I. Division of Taxation (Jan. 2007), https://risos-apa-production-public.s3.amazonaws.com/DOTAX/4324.pdf; *Taxable Receipt; How Discounts, Trade-Ins, and Additional Charges Affect Sales Tax*, N.Y. Dept. of Taxation and Finance (Apr. 3, 2024), https://www.tax.ny.gov/pubs_and_bulls/tg_bulletins/st/taxable_receipt.htm; *Coupons, Discounts & New Jersey Sales Tax*, N.J. Dept. of Taxation (Dec. 2017),

**Chewy's Autoship Program**

16.     Soon after its founding, Chewy launched its Autoship program. The Autoship program is advertised as "an easy way to set up repeat deliveries from Chewy and save on the items you buy regularly." In practice, when a customer enrolls in Chewy's Autoship program, they agree to have their chosen product automatically ordered and delivered on a periodic basis, as determined by the customer.

17.     Critically, to entice prospective customers to enroll on to the Autoship program, Chewy advertises a discount for its Autoship customers, as follows:

> When you set up your first Autoship, you'll receive 35% off your Autoship order, with a maximum discount of $20. After that, you'll save an extra 5% on select brands for all future Autoship orders.

18.     Having been enticed by Defendant's offer of discounted products, Plaintiff, like the Class, enrolled in the Autoship program.

19.     Since their enrollment, Plaintiff and the Class have periodically received, and paid for at a discounted rate, their goods from Chewy through the Autoship program. Plaintiff and the Class were charged and have paid all applicable taxes.

**Chewy Overcharges its Autoship Customers**

20.     As detailed elsewhere herein, Chewy offered its Autoship customers a discount on their Autoship orders. This discount is a cash discount (as reference *supra*) in the form of 35% off a customer's first order and then 5% off Autoship orders thereafter.

21.     Accordingly, an Autoship customer that orders pet food at $10 per unit would in fact be charged $6.50 for their first order and then $9.50 for all subsequent orders, not including

---

https://www.nj.gov/treasury/taxation/pdf/pubs/sales/anj9.pdf; *Discounts, Coupons, Free Meals, Buy One Get One Free Coupons, and Rebates*, Tex. Comptroller of Public Accounts (Apr. 24, 2009) (Memorandum), https://star.comptroller.texas.gov/view/200904303L.

taxes.

22.    Because Chewy offers a cash discount in the form of a percentage reduction for Autoship customers, then the sales tax on the products should properly be calculated based on the discounted amount, as noted *supra*.

23.    As such, in the foregoing example, assuming 7% sales tax, Autoship customers should be charged $6.96 for their first order ($6.50 discounted price plus $0.46 sales tax) and $10.17 thereafter ($9.50 discounted price plus $0.67 sales tax).

24.    However, Autoship customers were in fact charged sales tax on the full price goods. In the foregoing example, Autoship customers would in fact be charged $7.30 for their first order ($6.50 discounted price plus $0.80 sales tax) and $10.30 thereafter ($9.50 discounted price plus $0.80 sales tax). This is exemplified by Plaintiff's Autoship orders and overcharges, as shown in the table below:

| Date | Item Amount ($) | Autoship Discount (%) | Autoship Discount ($) | Sales Tax Charged ($)[2] | Should Be Sales Tax ($)[3] | Overpayment ($) |
|---|---|---|---|---|---|---|
| 23/03/2022 | 137.98 | 35% | 20.00 | 9.66 | 8.26 | 1.40 |
| 16/05/2022 | 137.98 | 5% | 6.90 | 9.66 | 9.18 | 0.48 |
| 11/07/2022 | 137.98 | 5% | 6.90 | 9.66 | 9.18 | 0.48 |
| 04/09/2022 | 155.98 | 5% | 7.80 | 10.92 | 10.37 | 0.55 |
| 31/10/2022 | 155.98 | 5% | 7.80 | 10.92 | 10.37 | 0.55 |
| 26/12/2022 | 155.98 | 5% | 7.80 | 10.92 | 10.37 | 0.55 |
| 07/03/2023 | 159.98 | 5% | 8.00 | 11.20 | 10.64 | 0.56 |
| 25/08/2023 | 159.98 | 5% | 8.00 | 11.20 | 10.64 | 0.56 |
| 19/10/2023 | 159.98 | 5% | 8.00 | 11.20 | 10.64 | 0.56 |
| 21/04/2024 | 163.96 | 5% | 8.20 | 10.61 | 10.04 | 0.57 |
| 15/06/2024 | 163.96 | 5% | 8.20 | 11.48 | 10.90 | 0.58 |
| 08/11/2024 | 163.96 | 5% | 8.20 | 11.48 | 10.67 | 0.81 |

---

[2]    "Sales Tax Charged" refers to the amount of sales tax that Chewy actually charged Plaintiff.

[3]    "Should Be Sales Tax" refers to the amount of sales tax that Chewy should have charged Plaintiff, calculated by reference to the cost of the discounted products.

| Date | Item Amount ($) | Autoship Discount (%) | Autoship Discount ($) | Sales Tax Charged ($)[2] | Should Be Sales Tax ($)[3] | Overpayment ($) |
|---|---|---|---|---|---|---|
| 24/09/2024 | 163.96 | 5% | 8.20 | 11.48 | 10.67 | 0.81 |
| 13/11/2024 | 163.98 | 5% | 8.20 | 11.48 | 10.68 | 0.81 |
| 19/12/2024 | 163.98 | 5% | 8.20 | 11.48 | 10.68 | 0.81 |
| 28/01/2025 | 163.98 | 5% | 8.20 | 11.48 | 10.68 | 0.81 |
| 24/03/2025 | 167.98 | 5% | 8.40 | 11.76 | 10.94 | 0.82 |
| 05/05/2025 | 167.98 | 5% | 8.40 | 11.76 | 10.94 | 0.82 |
| 28/07/2025 | 167.98 | 5% | 8.40 | 11.76 | 10.94 | 0.82 |
| | | | | | Total Overpayment | $13.35 |

25.     Accordingly, Plaintiff and the Class were overcharged sales tax.

**CHEWY'S PRACTICES WERE DECEPTIVE AND UNFAIR**

26.     At all relevant times, Chewy advertised that it offered a *discounted* price for its Autoship orders.

**2022 Conduct[4]**

27.     In 2022, Chewy advertised the following on its Autoship webpage:[5]

**Super Savings:**
Save 35% on your first Autoship, up to $20 off. Plus, 5% off on future orders.

**Flexible Scheduling & Orders:**
Not just monthly–you set the schedule, skip or cancel anytime. Easily add or remove items.

**Always Have It Covered:**
Get everything you need from food to pharmacy. We even reserve more for Autoship customers.

**Real-Time Vet Advice:**
Licensed veterinarians are ready to answer your pet health questions.

***

---

[4]     Information and images from previous years are taken from the Wayback Machine.

[5]     https://web.archive.org/web/20220311230912/https://www.chewy.com/b/autoship-save-15682

**How does Autoship work?** 

Autoship is an easy way to set up repeat deliveries from Chewy and save on the items you buy regularly. When you set up your first Autoship, you'll receive 35% off your Autoship order, with a maximum discount of $20. After that, you'll save an extra 5% on select brands for all future Autoship orders.

To start your Autoship, shop for your pet's favorites and add them to your cart. At Checkout, choose "Yes, make my life easy." Choose how often you want to receive these items. You can change your schedule anytime. Place your order, and we'll take it from there! We'll send you an email to you when your order ships. When your next order is coming up, we'll send you an email reminder. As a valued Autoship customer, we prioritize your orders with reserved inventory.

After you set up Autoship, you can manage your upcoming orders in your Chewy account.

\*\*\*

See all Frequently Asked Questions

*Maximum discount of $20 with 35% off promotion. For Autoship eligible items only. Some exclusions apply. Discount automatically applied when Autoship is selected at checkout. No coupons necessary.*

28.     Evidently, Chewy advertised in 2022 that it's Autoship customers would receive a "discount" on Autoship orders.

29.     Further, Chewy's Autoship Terms and Conditions ("Autoship Terms") stated the following in 2022:[6]

Benefits

When you purchase product(s) on Chewy.com and enroll in our Autoship program, you are signing up for continuous shipments of such products and may select how often you would like your product(s) delivered to you. You may change your periodic delivery schedule at any time (including on a one-time basis), as well as your shipping address, payment method, and products included in the program. Additionally, when you purchase certain products designated as "Autoship & Save" eligible, and enroll in the Autoship program for such products, you will save an additional percentage on our everyday low prices

Chewy reserves the right to change Autoship benefits at any time in its sole discretion, including discount amounts and eligibility used to determine discount amounts; provided, however, Chewy will not change the price of your next shipment once you have authorized an order as set forth in these Terms. Some of the offer details may change as you receive deliveries over time (for example, price, taxes, availability, shipping charges). Subscriptions are good while supplies last.

\*\*\*

Pricing; Payment; Renewal; Cancellation

The amount you are ultimately charged for a product delivered pursuant to our Autoship program will be the price of that item as stated in the pre-shipment email notification you receive or lower, if the price of the item is lower on our site as of the time your order is authorized. Once your order has shipped, your chosen credit card or other payment method will be billed this amount. You will not be charged until your order ships. The total cost charged to your payment method for each Autoship order will be the price of the item, less the Autoship & Save discount or any other discount, if applicable, plus any applicable shipping charges and sales tax. Any credit balances on your Chewy.com customer account may be applied toward the balance of your order before charging any remaining balance to your payment method.

**The charge for each Autoship item shipment will be billed to the payment method used to create your subscription or as otherwise directed by you. If we are unable to complete your Autoship order with the payment method you used to create your subscription, we will notify you and give you the opportunity to add another payment method in your account and to charge the payment method for your Autoship order.**

**Your subscription will remain in effect until it is cancelled. You can cancel at any time via Autoship Manager, which can be found in Your Account.**

30.     As revealed by the above images, besides explicitly referring to the "discount" provided to Autoship customers, the Autoship Terms also referred to "sav[ing] an additional

---

[6]     https://web.archive.org/web/20220519053928/https://www.chewy.com/app/content/ans-terms

percentage on [goods]." This description matches that of a discount, as discussed *supra*.

31.     In addition, the Autoship Terms clearly state Chewy's method of calculating the total amount charged to its Autoship customers: "The total cost charged to your payment method … will be the price of the item, less the Autoship & Save discount or any other discount, if applicable, plus any applicable shipping charges and sales tax." Thus, by Chewy's own Autoship Terms, sales tax is to be calculated *after* the "discount" is applied.

**<u>2023 Conduct</u>**

32.     In 2023, Chewy advertised the following on its Autoship webpage:[7]



33.     The Frequently Asked Questions section of Chewy's website in 2023 stated the following:[8]

---

[7]     https://web.archive.org/web/20230606031935/https://www.chewy.com/b/autoship-save-15682

[8]     https://web.archive.org/web/20230606133419/https://www.chewy.com/app/content/faq

**What are the benefits of Autoship?** 

After your first Autoship discount, you'll save an extra 5% on select brands for all future Autoship orders.

34.     Evidently, Chewy advertised in 2023 that it's Autoship customers would receive a "discount" on Autoship orders.

35.     Further, prior to September 2023, Chewy's Autoship Terms contained the exact same information as 2022, *see supra*.[9]

36.     On September 22, 2023, Chewy's Autoship Terms were updated and contained the following information:[10]

**Benefits**

When you purchase product(s) on Chewy and enroll in our Autoship program, you are signing up for continuous shipments of such products and may select how often you would like your product(s) delivered to you. You may change your periodic delivery schedule at any time (including on a one-time basis), as well as your shipping address, payment method, and products included in the program. Additionally, when you purchase certain products designated as "Autoship & Save" eligible, and enroll in the Autoship program for such products, you will save an additional percentage on our everyday low prices.

Chewy reserves the right to change Autoship benefits at any time in its sole discretion, including discount amounts and eligibility used to determine discount amounts; provided, however, Chewy will not change the price of your next shipment once you have authorized an order as set forth in these Terms. Some of the offer details may change as you receive deliveries over time (for example, price, taxes, availability, shipping charges). Subscriptions are good while supplies last.

\*\*\*

**Pricing; Payment; Renewal; Cancellation**

The amount you are ultimately charged for a product delivered pursuant to our Autoship program will be the price of that item as stated in the pre-shipment email notification you receive or lower, if the price of the product is lower on our site as of the time your order is authorized. Once your order has shipped, your chosen credit card or other payment method will be billed this amount. You will not be charged until your order ships. The total cost charged to your payment method for each Autoship order will be the price of the item, less the Autoship & Save discount or any other discount, if applicable, plus any applicable shipping charges and sales tax. Any credit balances on your Chewy.com customer account may be applied toward the balance of your order before charging any remaining balance to your payment method.

The charge for each Autoship item shipment will be billed to the payment method used to create your subscription or as otherwise directed by you. If we are unable to complete your Autoship order with the payment method you used to create your subscription, we may charge any other valid payment method associated with your Chewy Account or we may notify you and give you the opportunity to add another payment method in your account for your Autoship order.

Your subscription will remain in effect until it is cancelled. You can cancel at any time via Autoship Manager, which can be found in Your Account or by calling Customer Service at 800-672-4399.

37.     As revealed by the above images, besides explicitly referring to the "discount" provided to Autoship customers, the Autoship Terms also referred to "sav[ing] an additional

---

[9]     https://web.archive.org/web/20230331094559/https://www.chewy.com/app/content/ans-terms. Chewy's Autoship Terms were updated on April 15, 2019 and then not updated again until September 22, 2023.

[10]     https://web.archive.org/web/20240119015110/https://www.chewy.com/app/content/ans-terms

percentage on [goods]." This description matches that of a discount, as discussed *supra*.

38.    In addition, the updated Autoship Terms clearly stated Chewy's method of calculating the total amount charged to its Autoship customers: "The total cost charged to your payment method … will be the price of the item, less the Autoship & Save discount or any other discount, if applicable, plus any applicable shipping charges and sales tax."  Thus, by Chewy's own Autoship Terms, sales tax is to be calculated *after* the "discount" is applied.

**2024 Conduct**

39.    In 2024, Chewy advertised the following on its Autoship webpage:



\* \* \*

40.    Evidently, Chewy advertised in 2024 that it's Autoship customers would receive a

"discount" on Autoship orders.

41.     Also in 2024, Chewy's Autoship Terms contained the exact same information as the Autoship Terms post-September 2023, *see supra*.[11] Thus, since September 2023 through the present, including in 2024, the Autoship Terms explicitly referenced a "discount" offered through its Autoship program, described the discount as a percentage saving, and further detailed Chewy's method of calculating the total cost to its Autoship customers (*i.e.*, sales tax to be applied *after* the discount).

**2025 Conduct**

42.     In 2025, including at the time of filing this complaint, the following is advertised on Chewy's website:[12]

---

[11]     Chewy's Autoship Terms were not updated again after September 2023. https://web.archive.org/web/20240826203846/https://www.chewy.com/app/content/ans-terms.

[12]     https://www.chewy.com/b/autoship-save-15682.

## Autoship & Save



### Why You'll Love Autoship



**Savings every time**
Save 5% off eligible items with every Autoship order.



**Set your own schedule**
Choose a frequency that works for you. Change or cancel anytime.



**Get first dibs**
You'll get priority access to popular items and essentials.



**Easy refills & add-ons**
Never miss a dose, and easily add one-time items.

\*\*\*

### Frequently Asked Questions

How does Autoship work?    —

Autoship is an easy way to set up repeat deliveries from Chewy and save on the items you buy regularly. When you set up your first Autoship, you'll receive 35% off your Autoship order, with a maximum discount of $20. After that, you'll save an extra 5% on select brands for all future Autoship orders.

To start your Autoship, shop for your pet's favorites and add them to your cart. At Checkout, choose "Yes, make my life easy." Choose how often you want to receive these items. You can change your schedule anytime. Place your order, and we'll take it from there! We'll send you an email when your order ships. When your next order is coming up, we'll send you an email reminder. As a valued Autoship customer, we prioritize your orders with reserved inventory.

After you set up Autoship, you can manage your upcoming orders in your Chewy account.

43. Evidently, Chewy advertises that it's Autoship customers will receive a "discount" on Autoship orders.

44. Furthermore, in addition to the terms described above, Chewy's Autoship Terms

12

continue to reference "discount amounts" a number of times:[13]

> Chewy reserves the right to change Autoship benefits at any time in its sole discretion, including ***discount*** amounts and eligibility used to determine ***discount*** amounts.

***

> The total cost charged to your payment method for each Autoship order will be the price of the item, less the Autoship & Save ***discount*** or any other ***discount***, if applicable, plus any applicable shipping charges and sales tax.

(Emphasis added).

45.     Thus, since September 2023 through the present, the Autoship Terms have and continue to explicitly reference a "discount" offered through its Autoship program, describe the discount as a percentage saving, and further detail Chewy's method of calculating the total cost to its Autoship customers (*i.e.*, sales tax to be applied *after* the discount).

**Chewy Advertising a "Discount" Through
the Class Period Was Deceptive and Misleading**

46.     As shown above, at all times through the Class Period, Chewy advertised that it applied a "discount" on Autoship orders and also promised the same through its Autoship Terms.

47.     The use of the word "discount" is critical because it informs consumers of how a price reduction is calculated and, in turn, how sales tax will be calculated and charged. As discussed above, sales tax on discounted goods is calculated by reference to the discounted price, not the full product price. This contrasts with other forms of price reductions, such as manufacturer coupons or rebate, in which sales tax is calculated by reference to the product's full price.

48.     As discussed elsewhere herein, because Chewy offered a "discount," consumers, including Plaintiff, were led to believe that they would be charged a discounted price and that sales

---

[13]     https://www.chewy.com/app/content/ans-terms.

tax would be calculated based on that discounted price. Further, Chewy's continuous representation that the total consumers would be charged is the amount of the item, less any discount, plus shipping and applicable taxes led consumers, including Plaintiff, to believe that sales tax is calculated and charged on the discounted price, not the full price of goods.

49.     As shown above, Chewy never advertised (or even informed consumers) that its Autoship customers would receive a "rebate" or that sales tax would be charged on the full price of the items ordered via the Autoship program.

50.     Despite this, Plaintiff and the Class were in fact improperly charged sales tax based on the full price of the products they purchased.

51.     Even if the sales tax was properly calculated, that would mean the advertised "discount" was not a discount but was rather a rebate or similar. Accordingly, Chewy is engaging in unfair and deceptive trade practices by advertising a "discount" where the purported discount is not, in fact, a discount.

52.     In either event, Chewy's conduct amounts to unfair and deceptive trade practices, designed to entice consumers into contracting with Chewy.

53.     Had Plaintiff and the Class known about Chewy's unfair and deceptive trade practices, then they would have purchased their pet-related products elsewhere and/or not have been induced to contract with Chewy under the false assumption that they would be receiving a discount.

54.     As a result, Plaintiff and the Class have suffered significant damage.

## DAMAGES TO PLAINTIFF AND THE CLASS

55.     As a result of Chewy's unfair and deceptive trade practices and other unlawful conduct, Plaintiff and the Class have suffered ascertainable and measurable damage. Such damage

includes, but is not limited to, the amount of sales tax they have overpaid and the lost interest or other gains on the amounts they overpaid.

56.     Because Chewy advertised this "discount," Plaintiff and the Class were induced to enroll on to the Autoship program and overpaid for every Autoship order and thus lost the freedom and ability to shop around for cheaper pet-related goods.

## CLASS ACTION ALLEGATIONS

57.     This action is brought and may be properly maintained as a class action pursuant to The Class Action Fairness Act, 28 U.S.C. § 1332.

58.     This action has been brought and may properly be maintained as a class action against Defendant pursuant to the provisions of Rule 23 of the Federal Rule of Civil Procedure, because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

59.     Plaintiff brings this action individually and on behalf of all others similarly situated, and seeks certification of a Class, defined as: "All persons who enrolled in Chewy's Autoship program from 2022 through the present."

60.     Plaintiff also seeks certification of a Rhode Island Subclass, defined as: "All persons in Rhode Island who enrolled in Chewy's Autoship program from 2022 through the present."

61.     The following are excluded from the Classes: Chewy, its affiliates, employees, officers and directors, heirs, successors and their assigns of any such person or entity, together with any immediate family member of any officers, directors, employee of said persons and/or entities, persons or entities that distribute or sell Chewy products or programs, the Judge(s) assigned to this case, and the attorneys of record in this case. Plaintiff reserves the right to amend

the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

62.    Plaintiff does not know the exact size of the Classes, but it is reasonably estimated that the Class is composed of millions of persons and the Subclass is composed of at least tens of thousands of persons.  While the identities of Class members are unknown at this time, this information can be readily ascertained through appropriate discovery of the records maintained by Chewy.

63.    This action is properly brought as a class action because the proposed Classes are so numerous and geographically dispersed throughout the United States that the joinder of all Class members is impracticable.

64.    This action is properly brought as a class action because the disposition of Plaintiff's and proposed Class members' claims in a class action will provide substantial benefits to both the parties and the Court.

65.    This action is properly brought as a class action because the proposed Classes are ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed Class member were infringed or violated in the same fashion.

66.    This action is properly brought as a class action because there are questions of law and fact common to the proposed Classes, which predominate over any questions that may affect particular Class members.

67.    Such common questions of law and fact include, but are not limited to:

(a)    Whether Chewy is engaged in unlawful, unfair, deceptive practices in violation of the Rhode Island Deceptive Trade Practices Act by engaging in the activities

16

described herein;

(b)      Whether Chewy breached its contract with Plaintiff and the Class members;

(c)      Whether Chewy was unjustly enriched at the expense of Plaintiff and the Class members;

(d)      Whether Chewy was negligent in its dealings with the Class members;

(e)      Whether Plaintiff and the Class members have been harmed and the proper measure of relief, including damages;

(f)      Whether Plaintiff and the Class members are entitled to an award of attorneys' fees and expenses; and

(g)      Whether Plaintiff and the Class members are entitled to equitable relief, and if so, the nature of such relief.

68.      Plaintiff's claims are typical of the claims of the members of the proposed Classes. Plaintiff and the Class members have been injured by the same wrongful practices of Chewy. Plaintiff's claims arise from the same practices and conduct that give rise to the claims of all the Class members and are based on the same legal theories.

69.      Plaintiff will fairly and adequately protect the interests of the Classes in that they have no interests antagonistic to those of the other Class members and Plaintiff has retained attorneys experienced in class actions and complex litigation as counsel.

70.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(a)      Given the size of the individual Class members' claims and the expense of litigating those claims, few, if any, Class members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent the

Class action, have no substantial interest in individually controlling the prosecution of individual actions;

(b)    This action will promote an orderly and expeditious administration and adjudication of the proposed Class claims, economies of time, effort and resources will be fostered, and uniformity of decisions will be ensured; and

(c)    Plaintiff is not aware of any difficulty that will be encountered in the management of this litigation, which would preclude Class certification.

71.    A class action is a superior and cost-effective method for the fair and efficient adjudication of the present controversy and there would accrue enormous savings to both the Court and the Classes in litigating the common issues on a Class wide basis, instead of on a repetitive individual basis.

72.    The prosecution of separate actions by individual Class members would run the risk of inconsistent or varying adjudications, which would (a) establish incompatible standards of conduct of Defendant in this action and (b) create the risk that adjudications with respect to individual Class members would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

## FIRST CLAIM FOR RELIEF

### (Violation of Rhode Island Deceptive Trade Practices Act, R.I. Gen. L. § 6-13)

### (On Behalf of the Rhode Island Subclass)

73.    Plaintiff re-alleges and incorporates by reference each of the allegations set forth above, as if fully set forth herein.

74.    Plaintiff brings this claim individually and on behalf of the other Rhode Island

Subclass members.

75.     GBL § 349 provides for consumer protection by declaring as unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce…"

76.     Chewy is a retailer that is in the business of selling and delivering pet-related goods to consumers, including those in Rhode Island. As such, Chewy advertises, offers for sale, sells, and distributes its products, Autoship program, and services to the people of Rhode Island.

77.     Plaintiff and the Subclass members are consumers located in Rhode Island that have paid sums to Chewy in connection with the purchase of pet-related goods via Chewy's Autoship program.

78.     Chewy's improper collection of sales tax on discounted goods offends public policy and is otherwise immoral, unethical, and unscrupulous.

79.     Alternatively, Chewy's false advertising of a "discount" also offends public policy and is otherwise immoral, unethical, and unscrupulous.

80.     Chewy's deceptive practices have caused significant harm to Plaintiff and the Subclass.

81.     Chewy is engaged in unlawful, unfair, deceptive practices in violation of R.I. Gen. L. § 6-13 by engaging in the activities described herein.

82.     As part of its marketing practices and sales efforts, Defendant made numerous statements, representations, and omissions to the public, including Plaintiffs and the Subclass members, with respect to the "discount" offered through Chewy's Autoship program.

83.     Such statements, representations and omissions, which were uniform and identical in nature, were intended to induce potential consumers, including Plaintiff and the Subclass

members, to enroll on to Chewy's Autoship program.

84.     Defendant's statements, representations and omissions were material to the decisions by Plaintiff and the Subclass members to enroll on to the Autoship program, and caused them to be overcharged sales tax on Autoship orders, or be misled into believing the Autoship program offered a "discount" as opposed to some other rebate that impacts the calculation of sales tax.

85.     The aforementioned statements, representations and omissions made by Chewy were objectively false, misleading and deceptive to Plaintiff and the Subclass members.

86.     Defendant's above-alleged actions constitute unfair business practices since the actions were deceptive and injurious to Plaintiff and the Subclass members because they enrolled on to the Autoship program with the reasonable expectation that they would be entitled to a discount and that sales tax would be calculated by reference to the discounted price.

87.     In fact, Plaintiff and the Subclass were overcharged sales tax as it was calculated by reference to the product's full price, or were alternatively not given a "discount" but instead some other rebate which impacts the calculation of sales tax.

88.     Defendant's unfair competition and deceptive practices actually deceived or had the tendency to deceive its consumers, including Plaintiff and the Subclass members.

89.     Plaintiff and the Subclass members had no means of knowing or learning that Defendant was engaged in the unfair methods of competition and deceptive acts or practices described herein.

90.     If Plaintiff and/or the Subclass members had knowledge of Defendant's unfair methods of competition and deceptive acts or practices described herein, they would not have enrolled on to Chewy's Autoship program, or they would have been made aware that the Autoship

program did not offer a "discount."

91.    Defendant's violations of R.I. Gen. L. § 6-13, as described herein, have directly caused Plaintiff and the Class members to suffer ascertainable losses.

92.    Defendant's violations of R.I. Gen. L. § 6-13, as described herein, have directly caused Plaintiffs and Subclass members to have suffered ascertainable loss for damages measured by the difference between the sales tax Plaintiff and the Subclass members actually paid Defendant, and the amount of sales tax they would have paid Defendant had the representations regarding Chewy's Autoship "discount" been true and/or Chewy's calculation of sales tax had been correct.

93.    As a proximate result of Defendant's violations of R.I. Gen. L. § 6-13, Defendant is liable to Plaintiff and the Subclass members for statutory damages.

94.    As a proximate result of Defendant's violations of R.I. Gen. L. § 6-13, Defendant is liable to Plaintiff and the Subclass members for compensatory damages.

95.    As a proximate result of Defendant's violations of R.I. Gen. L. § 6-13, Defendant is liable to Plaintiff and the Subclass members for consequential damages.

96.    By reason of the foregoing, Plaintiff and the Subclass members have sustained damages in an amount to be determined at trial.

## **SECOND CLAIM FOR RELIEF**

### **(Breach of Contract)**

97.    Plaintiff re-alleges and incorporates by reference each of the allegations set forth above, as if fully set forth herein.

98.    Plaintiff brings this claim individually and on behalf of the other Class members.

99.    A contractual relationship exists between Chewy and its Autoship customers,

including Plaintiff and the Class.

100.   Among other things, in exchange for Plaintiff's and the Class's continued enrollment on the Autoship program and repeat orders, Chewy agreed to provide Plaintiff and the Class with a "discount" and also to calculate sales tax after discounts had been applied.

101.   The subject contract also imposed upon each party a duty of good faith and fair dealing in its performance and its enforcement.

102.   Plaintiff and each Class member performed their obligations under the contract and complied with their duty of good faith and fair dealing.

103.   Defendant had a duty of good faith and fair dealing not to take opportunistic advantage of Plaintiff the Class members in a way that could not have been contemplated at the time of entering into the contract.

104.   Defendant had a duty of good faith and fair dealing to act in accordance with the agreed common purpose and consistent with the justified expectations of the other party, namely Plaintiff and the Class members.

105.   Defendant breached this duty of good faith and fair dealing.

106.   Defendant breached its agreement with Plaintiff and the Class members by overcharging Plaintiff and the Class for sales tax, incorrectly calculating sales tax, and/or by not offering a "discount" as advertised, but instead offering some other rebate which impacts the calculation of sales tax.

107.   Plaintiff and the Class members reasonably relied upon the fact that Defendant would calculate and charge sales tax based on the discounted price and that Defendant offered a "discount."

108.   Plaintiff and the Class members had no means of knowing or learning that

Defendant was engaged in the unfair methods of competition and deceptive acts or practices described herein.

109.    If Plaintiff and/or the Class members had knowledge of Defendant's unfair methods of competition and deceptive acts or practices described herein, they would not have enrolled on to Chewy's Autoship program, or they would have been made aware that the Autoship program did not offer a "discount."

110.    By reason of Defendant's above-described breaches of contract, Plaintiff and the Class members have been damaged and sustained pecuniary injury.

111.    By reason of Defendant's above-described breaches of contract, Plaintiff and the Class members have been deprived of the benefit of their bargain, equal to what Plaintiff and the Class members would have received, if the representations underlying Columbia's "discount" had been true and/or had they been correctly charged sales tax by reference to the discounted price of goods.

112.    By reason of Defendant's above-described breaches of contract, Plaintiff and the Class members have sustained out of pocket damages measured by the difference between the sales tax Plaintiff and the Class members actually paid Defendant, and the amount of sales tax they would have paid Defendant had the representations regarding Chewy's Autoship "discount" been true and/or Chewy's calculation of sales tax had been correct.

113.    By reason of the foregoing, Plaintiff and the Class members have sustained damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### (Unjust Enrichment)

114.    Plaintiff re-alleges and incorporates by reference each of the allegations set forth

above, as if fully set forth herein.

115. Plaintiff brings this claim individually and on behalf of the other Class members.

116. A substantial factor in the decision of Plaintiff and the Class members to enroll on to Chewy's Autoship program was the associated "discount."

117. Plaintiff and the Class members paid Chewy what they believed to be a "discount" and all properly calculated and charged sales tax.

118. In fact, Plaintiff and the Class members did not receive the benefit of a "discount" or properly calculated sales tax because they were either overcharged the applicable sales tax or were not given a "discount" as advertised.

119. Defendant's actions and conduct, as described herein, were false and misleading.

120. As a result of the foregoing, and in the alternative, Defendant was enriched at the expense of Plaintiff and the Class members by Defendant's wrongful conduct and actions, and accordingly, it is against equity and good conscience to permit Defendant to retain such enrichment.

121. In the alternative, Defendant is required to make restitution to Plaintiff and the Class members.

122. In the alternative, it would be inequitable and unjust for Defendant to retain the benefits it obtained without a return payment of value to Plaintiff and the Class members.

123. By reason of the foregoing, Plaintiff and the Class members have sustained damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### (Negligence)

124. Plaintiff re-alleges and incorporates by reference each of the allegations set forth

above, as if fully set forth herein.

125.     Plaintiff brings this claim individually and on behalf of the other Class members.

126.     Defendant owed a duty to Plaintiff and Class members to not engage in unfair or deceptive trade practices and to not engage in false advertising.

127.     Defendant knew, or should have known, the importance that Plaintiff and the Class would place on its representations regarding its Autoship "discount."

128.     Defendant made numerous statements on its website advertising its Autoship discount.

129.     Defendant made these representations in an effort to induce Plaintiff and the Class to enroll on to the Autoship program.

130.     Defendant breached this duty by not offering a discount, as described herein, but instead by offering a rebate or some other price reduction that impacts the calculation of sales tax.

131.     Plaintiff and the Class had no ability to know that Chewy's advertised discount was not, in fact, a discount. Plaintiff and the Class also had no ability to discover that Chewy was engaged in false and deceptive advertising.

132.     It was, or should have been, reasonably foreseeable to Defendant that their false advertising and unfair and deceptive trade practices would (i) induce Plaintiff and the Class to enroll on to the Autoship program; (ii) lead Plaintiff and the Class into believing that they were receiving a "discount"; and (iii) lead to Plaintiff and the Class overpaying for sales tax.

133.     By reason of Defendant's above-described negligence, Plaintiff and the Class members have sustained out of pocket damages measured by the difference between the sales tax Plaintiff and the Class members actually paid Defendant, and the amount of sales tax they would have paid Defendant had the representations regarding Chewy's Autoship "discount" been true.

134.    By reason of the foregoing, Plaintiff and the Class members have sustained damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for Judgment as follows:

(A)    Certifying this case as a class action, with Plaintiff as Class representative and her attorneys (Gainey McKenna & Egleston) as Class counsel;

(B)    Awarding Judgment to Plaintiff and the Class members for all available monetary damages and other relief;

(C)    Awarding Plaintiff and the Class members their costs and disbursements, including reasonable attorneys' fees;

(D)    Granting such other and further relief as may be deemed just and proper in the premises.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action of all issues so triable.

Dated: September 2, 2025

**HIGGINS, CAVANAGH & COONEY, LLP**

*/s/ James A. Ruggieri*
James A. Ruggieri, Esq. (#2828)
10 Dorrance Street, Suite 400
Providence, Rhode Island 02903
Telephone: (401) 490-3914
Facsimile: (401) 273-8780
Email: jruggieri@hcc-law.com

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
Christopher M. Brain

260 Madison Avenue, 22nd Floor
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com
Email: cbrain@gme-law.com

***Attorneys for Plaintiff and the Putative Class***